A91A0528. BEECH AIRCRAFT CORPORATION v. JACKSON
et al.
(405 SE2d 518)

McMURRAY, Presiding Judge.

This interlocutory appeal arises from a tort action involving an airplane manufactured by appellant Beech Aircraft Corporation. Appellant seeks the reversal of an order compelling the production of certain reports submitted by two of its employees to outside legal counsel. *Held:*

Appellant resisted the production of the documents at issue on the grounds that they were protected by the attorney-client privilege. Whether this contention is meritorious can be determined by application of the test set forth in *Marriott Corp. v. American &c. of Psychotherapists*, 157 Ga. App. 497, 505 (277 SE2d 785).

Our review of the appellant's sole enumeration of error, contending that the trial court erred in ordering appellant to produce the documents in question, requires a review of the evidence before the trial court. However, due to the absence of a transcript it must be presumed that the trial judge correctly ruled on the issues presented. *Camp v. Jordan*, 168 Ga. App. 339 (309 SE2d 384); *Siegel v. Gen. Parts Corp.*, 165 Ga. App. 339, 340 (2) (301 SE2d 292); *Attwell v. Heritage Bank Mt. Pleasant*, 161 Ga. App. 193, 194 (291 SE2d 28); *Harris v. Clark*, 157 Ga. App. 549 (2) (278 SE2d 132). "The affidavit, deposition and oral testimony provisions of [OCGA § 9-11-43 (b)], pertaining to the hearing of motions based on facts not appearing of record, cannot be used to cure the absence of a transcript of proceedings for post-trial motions or for appellate review." *Wall v. C & S Bank of Houston County*, 247 Ga. 216, 217 (2) (274 SE2d 486). We also note that there has apparently been no attempt by appellant to provide a transcript by any of the methods provided by OCGA § 5-6-41.

Two affidavits, upon which appellant relies heavily, were filed approximately two months following the entry of the order appealed and provided to this court by supplemental record. This amounts to a failure to comply with Rule 6.2 of the Uniform Rules of the Superior Court and a waiver of appellant's right to present these affidavits in

opposition to the motion. *Hughes v. Montgomery Contracting Co.*, 189 Ga. App. 814, 815 (377 SE2d 723); *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595 (370 SE2d 843); *Wimberly v. Karp*, 185 Ga. App. 571, 572 (1) (365 SE2d 131).

Judgment affirmed. *Sognier, C. J., and Andrews, J., concur.*

DECIDED APRIL 3, 1991 —
REHEARING DENIED APRIL 30, 1991 —

*Gray, Gilliland & Gold, T. Cullen Gilliland, Barbara B. Evans,* for appellant.

*Bates, Kelehear & Starr, J. Raymond Bates, Jr.,* for appellees.