S92A1215. STEELE et al. v. RUSSELL et al.

(424 SE2d 272)

FLETCHER, Justice.

Appellants filed a declaratory judgment action seeking a determination of whether their property was burdened with an easement benefiting appellees' property. Appellees answered and filed a counterclaim in which they alleged that appellants had trespassed upon appellees' property and, in so doing, had acted in bad faith, been stubbornly litigious, and caused appellees unnecessary trouble and expense. Appellees sought nominal damages for the trespass and their expenses of litigation[1] for the character of appellants' conduct. Appellants appeal from the judgment entered on the jury's verdict in favor of appellees.

1. While the form of the jury's verdict should have been much more specific than it actually was, we find that it was properly construed by the trial court as a determination by the jury that appellants' property continued to be burdened with an easement benefiting appellees' property. Accordingly, we affirm the portion of the trial court's judgment which deals with the easement.

2. As to the counterclaim, the jury awarded appellees no nominal damages but $3,419.87 in expenses of litigation ($2,795 in attorney fees and $624.87 in costs). We reverse this portion of the judgment.

The expenses of litigation sought by appellees as a part of the damages alleged in their counterclaim were sought pursuant to OCGA § 13-6-11 which provides:

> The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith in making the contract, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

These damages are available to a defendant only where the defendant has brought a counterclaim asserting a claim for relief wholly independent of any assertion as to plaintiff's bad faith, litigiousness, and/or harassment in bringing the underlying action. *Gibson v. Southern General Ins. Co.*, 199 Ga. App. 776 (406 SE2d 121) (1991). Here, appellees, as defendants below, did bring an independent counterclaim in which they alleged that appellants had trespassed upon appellees' property. However, the expenses of litigation recoverable pursuant to OCGA § 13-6-11 are ancillary and may only be recovered where other

---

[1] By "expenses of litigation" we are referring to the costs of the action as well as the attorney fees involved.

elements of damage are also recoverable. *Lincoln Nat. Life Ins. Co. v. Davenport*, 201 Ga. App. 175 (410 SE2d 370) (1991).

In this case, because the jury refused to award appellees any damages for the trespass alleged in their counterclaim, appellees were not entitled to recover any of the expenses of litigation they incurred in prosecuting the counterclaim and the trial court erred by awarding such.[2] Accordingly, we remand the case to the trial court so that the award of expenses of litigation can be vacated.

*Judgment affirmed in part, reversed in part, and remanded with instructions. Clarke, C. J., Hunt, P. J., Benham, Sears-Collins and Hunstein, JJ., concur.*

DECIDED JANUARY 7, 1993.

*Clifton M. Patty, Jr.*, for appellants.

*Renzo S. Wiggins, Shumaker & Thompson, Everett L. Hixson, Jr.*, for appellees.

---

[2] We also note that the record is entirely devoid of evidence that, in trespassing upon appellees' property and defending themselves from such allegations, appellants acted in bad faith, were stubbornly litigious, and/or caused appellees unnecessary trouble and expense. An award pursuant to OCGA § 13-6-11 cannot be supported without such evidence. Accord *Ken-Mar Constr. Co. v. Bowen*, 245 Ga. 676 (266 SE2d 796) (1980); *Fuller v. Moister*, 248 Ga. 287 (282 SE2d 889) (1981).