A93A1893. TAYLOR & ROZIER, INC. v. ANDERSON et al.
(440 SE2d 767)

BIRDSONG, Presiding Judge.

After a bench trial, judgment was entered in favor of Jeffery Anderson d/b/a Jeffery Anderson Trucking, and Jeffery Anderson

Trucking, Inc. (collectively "Anderson"), on the claims by Taylor & Rozier, Inc., that Anderson misappropriated a customer list. Taylor & Rozier now appeals from that judgment. The enumerations of error contend the trial court misconstrued and misapplied OCGA § 10-1-761 (4) ("Trade secret") by holding that the need of two businesses for pneumatic hauling services was not a trade secret, by holding that Anderson did not misappropriate trade secrets, by holding that Anderson did not wrongfully interfere with the business relationships between Taylor & Rozier and the two businesses, and by holding that Taylor & Rozier was not entitled to any relief. *Held*:

In bench trials, the trial judge sits as the trier of fact and his findings are analogous to the verdict of a jury and should not be disturbed if there is any evidence to support them. *Safeway Ins. Co. v. Holmes*, 194 Ga. App. 160, 161 (390 SE2d 52). Further, under OCGA § 9-11-52 (a) the findings of the trial court in these cases "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." As the clearly erroneous test has the same effect as the any evidence rule, we will not disturb the findings of fact in this case if there is any evidence to sustain them. *Kimbrell v. Effingham Bd. of Tax Assessors*, 191 Ga. App. 544, 545-546 (382 SE2d 388).

In this appeal, the trial court found that Anderson leased two trucks, with drivers, to Taylor & Rozier, one of the drivers being Jeffery Anderson; that the lease agreement did not contain a covenant restricting competition or imposing a duty of confidentiality; and that Anderson advised Taylor & Rozier that he intended eventually to open his own trucking company. The trial court further found that Anderson never had access to Taylor & Rozier's customer list, but became familiar with two companies only by hauling their commodities for Taylor & Rozier, and the trial court also found that Anderson did not undercut Taylor & Rozier's prices.

Based upon these findings of fact, the trial court reached conclusions of law that the identity of the two businesses that needed pneumatic hauling services did not constitute a trade secret within the meaning of OCGA § 10-1-761 (4), and that even if the information that Taylor & Rozier sought to protect was a trade secret, Anderson did not use improper means to obtain this information and did not misappropriate any trade secret.

Pretermitting any issue concerning the trial court's legal conclusions about whether the names of the two businesses constituted a "trade secret" within the meaning of OCGA § 10-1-761 (4) is the trial court's conclusion that Anderson did not use improper means to obtain any information and did not misappropriate any trade secret. As our review of the record shows that there is evidence supporting the factual findings, these findings are not clearly erroneous and we must

accept them. *Kimbrell v. Effingham Bd. of Tax Assessors*, supra.
*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED FEBRUARY 9, 1994.

*James D. Hudson*, for appellant.
*Fred R. Kopp, Merrill, Stone & Parks, Jesse C. Stone*, for appellees.