A95A1193. STRINGER et al. v. HARKLEROAD & HERMANCE et al.
(463 SE2d 152)

BIRDSONG, Presiding Judge.

W. Kenneth Stringer III, individually, and Monarch Capital Group, Inc. f/k/a Stringer, Watt and Williams (collectively "Stringer") appeal a judgment affirming an arbitration award in favor of Harkleroad & Hermance, P. C., and Donald R. Harkleroad, individually and in his capacity as President of Harkleroad & Hermance, P. C. (collectively "Harkleroad & Hermance"). Although Stringer filed two other appeals concerning this dispute, those appeals were

dismissed. In this appeal Stringer contends the lower court erred by granting Harkleroad & Hermance's motions in limine regarding the arbitration proceedings.

On March 9, 1987, Stringer contracted with Harkleroad & Hermance to perform certain legal services pursuant to an engagement agreement. The engagement agreement provided for prompt payment of services, fees, and expenses and quoted a range of hourly rates from $60 to $200 but also allowed for additional billing based on special factors such as unusual time requirements and special expertise. The contract also provided for the payment of interest on past due bills at the rate of one and one-half percent per month.

Pursuant to this agreement, Harkleroad & Hermance provided legal services from March 1987 through October 1989 and handled some other legal matters in 1990. The legal services provided were highly complex and included stock acquisitions, multi-million dollar financing transactions, refinancing transactions, corporate closings, public and private offerings, and other intricate legal business matters. The legal services also involved trial preparation work and drafting corporate documents.

At some point, Kenneth Stringer III became dissatisfied with what he deemed excessive billings by Harkleroad & Hermance. Stringer made partial payment of approximately $449,000 for legal services but refused to pay the full amount he had been billed. After negotiations proved unsuccessful, Harkelroad & Hermance sent Stringer a demand letter on September 4, 1990. When Stringer failed to pay the disputed bills, Harkleroad & Hermance filed suit. Stringer answered and counterclaimed alleging breach of fiduciary duty, breach of professional covenant of good faith and fair dealing, fraud, negligent misrepresentation, unjust enrichment, usury, restitution, forfeiture and professional negligence. Later, the court permitted the addition of Harkleroad, individually, as a counterclaim defendant.

Nearly three years later, the state court effectively disposed of most of the counterclaim leaving for resolution only the counterclaims of breach of fiduciary duty, fraud, negligent misrepresentation and usury and the original claim for nonpayment of legal fees. Several months later on the eve of trial, all parties consented to binding arbitration which was effectuated by court order. In that order the court specifically reserved the right to enforce the decision of the arbitrators and the right to rule on motions and relevant matters. Prior to arbitration the court ruled on two motions in limine that were pending when the case was referred for arbitration. One motion sought to exclude any "pattern evidence" relating to similar transactions with other clients and the other motion sought to exclude any evidence relating to the Code of Professional Responsibility or professional legal ethical standards. Stringer filed a direct appeal of this ruling, but

this Court dismissed that appeal because Stringer did not follow the interlocutory appeals procedures. Thereafter, the parties participated fully in the arbitration proceedings. The arbitrators awarded appellees $488,663 effective December 1, 1994 plus interest of $241 per day. This award was confirmed by the trial court on December 27, 1994. This appeal followed. *Held*:

1. OCGA § 9-9-13 sets forth the procedural predicate necessary for judicial voiding of an arbitrators' award. The trial court may vacate an award if the court determines that the rights of a party were prejudiced on any one of four grounds: "(1) Corruption, fraud, or misconduct in procuring the award; (2) Partiality of an arbitrator appointed as a neutral; (3) An overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made; or (4) A failure to follow the procedure of this part, unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection." Id. On appeal, as well as below, Stringer has not claimed corruption, fraud or misconduct, and he also has not claimed the arbitrators were not impartial, or that the arbitrators overstepped their authority or failed to follow proper procedures. Further, this appeal does not concern the sufficiency of the evidence to support the award. See *Hundley v. Greene*, 218 Ga. App. 193 (461 SE2d 250).

In fact, Stringer has made no arguments based on OCGA § 9-9-13. Instead, Stringer has limited his challenges only to the pre-arbitration ruling by the trial court on the motions in limine. Stringer enumerates only two errors: "1. The trial court erred in granting the appellees' motion entitled 'Motion in Limine — Code of Professional Responsibility and Standards of Conduct,' and in prohibiting the appellants from introducing any portions of the Code of Professional Responsibility or the Standards of Conduct or other ethics or professional rules or any testimony or evidence or any allegations in connection therewith"; and "2. The trial court erred in granting the appellees' motion entitled 'Motion in Limine — Pattern Evidence,' and in prohibiting the appellants from introducing any evidence, statements, allegations, or actions of any alleged pattern and practice of fraudulent, improper or unethical behavior of the appellees or of transactions between appellees and any other party other than appellants and their affiliates."

Although Stringer asserts he is appealing the judgment confirming the binding arbitration award, the entire appellate brief, including all citations of authority, focuses exclusively on the court's ruling on the motions in limine. Stringer offers no evidence nor any argument based on OCGA § 9-9-13 on why this order should be reversed.

"It is axiomatic that at the appellate level, one cannot complain

of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing." (Punctuation omitted.) *Studdard v. Satcher, Chick, Kapfer*, 217 Ga. App. 1, 3 (456 SE2d 71). Accordingly, Stringer cannot avoid the consequences of his agreement to the consent order. The burden on appellants is especially high in attempting to overturn an arbitration decision. *Fisher v. Gause*, 236 Ga. 663 (225 SE2d 2) (arbitration award will not be set aside if there is any evidence to uphold it); *Cotton States Mut. Ins. Co. v. Nunnally Lumber Co.*, 176 Ga. App. 232, 236 (4) (335 SE2d 708) (court's authority to vacate arbitration award severely limited and governed by statute).

Stringer did not present any evidence that the legal services were in any way unsatisfactory. Neither Stringer nor anyone else presented any evidence of a breach of fiduciary duty, fraud, negligent misrepresentation or usury. All the testimony and record evidence concerned billing, and during arbitration Stringer attempted to controvert only about $30,000 of nearly one-half million dollars in billing. Stringer's office assistant admitted she routinely filed the legal bills without the bills being paid and conceded that she was aware that Stringer had discontinued making a regular monthly payment to the firm. As Stringer presented no issues in arbitration to which the evidence excluded by the ruling on the motion in limine would have been relevant, he has not demonstrated that he was harmed by the rulings. Consequently, he cannot prevail on these issues. A party seeking a reversal must show not only error, but injury arising from the error alleged (*Ga. Power Co. v. Bishop*, 162 Ga. App. 122, 126 (290 SE2d 328)); an appellant must show harm as well as error to prevail on appeal (*Baker v. Baker*, 194 Ga. App. 477, 480 (390 SE2d 892)), and this cannot be shown by unsupported assertions in trial briefs. *Rowe v. Rowe*, 195 Ga. App. 493 (393 SE2d 750).

Therefore, as we find there is evidence in the record to support the arbitration award, and because appellants have failed to set forth any procedural defects pursuant to OCGA § 9-9-13, we affirm the judgment of the lower court confirming the arbitrators' award.

2. Harkleroad & Hermance's motion for sanctions under OCGA § 5-6-6 is granted. This Code section authorizes sanctions for frivolous appeals which are taken up only for purposes of delay. This is just such a case. What was a fairly routine collection case on a delinquent account spiralled into vituperative and vitriolic litigation. Now at this juncture, years after receiving and accepting legal services which went largely unpaid, Stringer noticed an appeal (one of three filed) which has no merit.

Delay can be assumed where an appeal lacked merit. *Malin Trucking v. Progressive Cas. Ins. Co.*, 212 Ga. App. 273 (441 SE2d 684); *Foreman v. Eastern Foods*, 195 Ga. App. 332 (393 SE2d 695). If an appellant knew or should have known that an appeal was ill-

founded, sanctions should issue. *Ray v. Standard Fire Ins. Co.*, 168 Ga. App. 116 (308 SE2d 221).

The evidence shows that in proceedings regarding a supersedeas bond in this appeal, Stringer could not cite a single case in support of his appellate claims. Appellant's counsel also conceded in open court, "It may also be true, Your Honor, that we have waived these arguments by simply participating in the arbitration because there is a strong line of cases toward that, toward that extent." Importantly, Harkleroad & Hermance presented evidence that this is not the first time Stringer failed to pay legal bills. They informed the court below that Stringer's house valued by the tax office at $539,300, had two outstanding mortgages, one for $400,000 and another mortgage owed to one of Stringer's previous lawyers for "in excess of three or four hundred thousand dollars."

We note that damages for delay are especially appropriate where the underlying action, like this one, involves a collection action. *Kennerly v. First Colony Bank*, 205 Ga. App. 352 (422 SE2d 243); *Jamison v. Button Gwinnett Savings Bank*, 204 Ga. App. 341 (419 SE2d 91). Therefore, we grant an award for damages for delay against Stringer in the amount of $49,519, which is ten percent of the amount of the judgment, and that Stringer be required to pay interest at the legal rate on that award from the date this decision is published. The trial court is directed to enter judgment in favor of Harkleroad & Hermance for damages in the amount of ten percent of the judgment. OCGA § 5-6-6; *Harris v. Wilwat Prop.*, 201 Ga. App. 161, 162 (410 SE2d 372).

*Judgment affirmed with direction. Johnson and Smith, JJ., concur.*

DECIDED OCTOBER 11, 1995.

*The Wilson Law Firm, L. Matt Wilson, J. Phillip London, Jr.,* for appellants.

*Schwall & Schwall, Emory A. Schwall, Harkleroad & Hermance, Donald R. Harkleroad,* for appellees.