### A95A2811. HARKLEROAD & HERMANCE, P.C. et al. v. STRINGER et al.

(472 SE2d 308)

BIRDSONG, Presiding Judge.

Harkleroad & Hermance, P.C. and Donald R. Harkleroad, individually and in his capacity as president of Harkleroad & Hermance, P.C. (collectively "Harkleroad & Hermance"), appeal the denial of their motion under OCGA § 9-15-14 (a) and (b) seeking sanctions for abusive litigation from W. Kenneth Stringer III, individually, and Monarch Capital Group, Inc. (formerly known as Stringer, Wyatt & Williams) (collectively "Stringer"), Morris, Manning & Martin, Joseph R. Manning, Anthony E. Diresta, and George T. Hibbs ("the attorneys"). This is the second appeal arising from Harkleroad & Hermance's claim against Stringer seeking fees owed for legal services Harkleroad & Hermance provided Stringer. The attorneys who are appellees were counsel for Stringer in this action.

In summary, Harkleroad & Hermance provided legal services to Stringer, and when Stringer did not pay Harkleroad & Hermance's bills for the services provided, Harkleroad & Hermance sued. After protracted litigation, Harkleroad & Hermance ultimately recovered damages. For a more extensive discussion concerning this litigation, see *Stringer v. Harkleroad & Hermance*, 218 Ga. App. 701 (463 SE2d 152), in which this Court affirmed the judgment in favor of Harkleroad & Hermance and assessed a penalty against Stringer under OCGA § 5-6-6 because we found the appeal was taken only for purposes of delay. In reaching that conclusion we found that "[w]hat was a fairly routine collection case on a delinquent account spiralled into vituperative and vitriolic litigation." *Stringer v. Harkleroad & Hermance*, supra at 704.

Upon entry of the judgment in the trial court, Harkleroad & Hermance timely moved for sanctions against Stringer and the attorneys who represented him below because Harkleroad & Hermance contended Stringer and the attorneys violated OCGA § 9-15-14 through a litigation strategy that avoided a decision in a routine action for almost three years by delaying and harassing tactics and by filing eight counterclaims, including claims for malpractice and fraud and a claim against Harkleroad individually. Although the trial court's comments at the hearing on the motion reflect the opinion that some sanctions might be warranted because Stringer contested the arbitration award after he requested binding arbitration, the motion for § 9-15-14 sanctions was denied.

Harkleroad & Hermance now appeals, contending that the trial court erred by denying the motion for sanctions without a review of the record and also erred by denying the motion because Stringer and the attorneys failed to produce evidence in support of their defenses

and counterclaims.

The record shows that Stringer vigorously defended Harkleroad & Hermance's action. Yet, summary judgment was granted to Harkleroad & Hermance on most of Stringer's counterclaims, and then at Stringer's request the case was referred to binding arbitration. This Court found that "Stringer did not present any evidence [at the arbitration] that the legal services were in any way unsatisfactory. Neither Stringer nor anyone else presented any evidence of a breach of fiduciary duty, fraud, negligent misrepresentation or usury. All the testimony and record evidence concerned billing, and during arbitration Stringer attempted to controvert only about $30,000 of nearly one-half million dollars in billing. Stringer's office assistant admitted she routinely filed the legal bills without the bills being paid and conceded that she was aware that Stringer had discontinued making regular monthly payment to the firm." *Stringer v. Harkleroad & Hermance*, supra at 704. Nevertheless, even after having requested binding arbitration, Stringer disputed the arbitration award in the trial court even though Stringer made no real effort in the arbitration to prove his counterclaim or defend against Harkleroad & Hermance's claims. *Held*:

1. As Harkleroad & Hermance has filed a notice showing that W. Kenneth Stringer III has filed a Chapter 7 bankruptcy petition and therefore is entitled to the automatic stay of proceedings under 11 USC § 362 (a), this appeal, as it concerns Stringer, individually, must be stayed pending disposition of the bankruptcy proceedings. Accordingly, the case as to W. Kenneth Stringer III is remanded to the trial court until the stay of proceedings is lifted. Because Monarch Capital Group, Inc. and the attorneys are not entitled to the protection of the stay of proceedings, however, we will address the issues on appeal as they concern the remaining appellees only.

2. Harkleroad & Hermance's contention that the trial court erred by denying its motion under OCGA § 9-15-14 without reviewing the record is without merit. Even though the trial court did not review the transcript of the arbitration hearing, we do not find the trial court was so unfamiliar with the record of the litigation that the failure to consider the arbitration transcript alone would provide a basis for reversal. Therefore, we find that this contention is without factual support.

3. Harkleroad & Hermance also contends the trial court's decision on the merits of the motion was error. When reviewing a trial court's decision on a motion seeking sanctions under OCGA § 9-15-14 (a) and (b), two standards of review are involved: A decision under subsection (a) must be sustained if any evidence supports the trial court's decision, and a decision under subsection (b) must be sustained unless the trial court has abused its discretion. *Haggard v. Bd.*

*of Regents &c.*, 257 Ga. 524 (360 SE2d 566); *Gibson v. Southern Gen. Ins. Co.*, 199 Ga. App. 776 (406 SE2d 121). Under OCGA § 9-15-14 (a), "reasonable and necessary attorney's fees and expenses of litigation *shall* be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position." (Emphasis supplied.) Further, a "court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification[, i.e., was substantially frivolous, substantially groundless, or substantially vexatious,] or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct." OCGA § 9-15-14 (b).

(a) Considering the motion based on OCGA § 9-15-14 (a), we find that the trial court's decision denying the motion is not supported by the evidence. "Notwithstanding the any evidence standard of review, when considering an appeal from an award of attorney fees made under OCGA § 9-15-14 (a), we must determine whether the claim asserted below either had some factual merit or presented a justiciable issue of law." (Citation and punctuation omitted.) *Moore v. Harris*, 201 Ga. App. 248, 249 (410 SE2d 804). Here, we find the record shows the counterclaims asserted by the attorneys in this case were without factual or legal support. The tactics of Stringer and his attorneys in this case, including the absence of evidence supporting the defenses and counterclaims that were raised and the lack of any genuine defense when the issue was finally joined, described in greater detail in *Stringer v. Harkleroad & Hermance*, supra, fully warrant the imposition of sanctions. *Brown v. Kinser*, 218 Ga. App. 385 (461 SE2d 564). In particular, we note that the attorneys procured an expert to sign an affidavit which they drafted that was intended to satisfy the requirements of OCGA § 9-11-9.1 (a procedure that was intended to reduce frivolous malpractice claims, *0-1 Doctors Mem. Holding Co. v. Moore*, 190 Ga. App. 286, 288 (378 SE2d 708)), but when the expert was deposed about his affidavit, he disavowed the opinions stated in the affidavit and disclaimed any real awareness of the matters stated therein. Moreover, the record shows that the attorneys attempted to assert claims that were barred by the statute of limitation because they maintained that the statute had been tolled by fraud. Nevertheless, they produced no evidence of such fraud. Under these facts, sanctions under OCGA § 9-15-14 (a) are warranted. *Brown v. Kinser*, supra.

(b) In the same manner, we find the trial court abused its discretion by not making an award under OCGA § 9-15-14 (b) because of the tactics employed below to delay disposition of the case and to harass and expand the proceedings. Although it may be difficult in this case to discern which of appellees' conduct violated subsection (a) or (b), we are satisfied that appellees' litigation strategy in its totality violated both subsections.

(c) We find no merit to appellees' assertion that Harkleroad & Hermance failed to support its motion with evidence of the fees and expenses required by OCGA § 9-15-14. The transcript of the hearing on the motion for sanctions under OCGA § 9-15-14 shows that affidavits from counsel showing the fees requested were submitted and were objected to by appellees, but the trial court did not rule on the objection. Moreover, as the trial court denied the motion on the merits and did not reach the issue of proof of fees, we do not find the absence of the affidavits from the record on appeal to be dispositive. Upon remand, the trial court has authority to consider evidence as it deems appropriate on the reasonableness of and necessity for the fees and expenses of litigation.

(d) Further, we find no merit in appellees' contention that the arbitrator's award denying attorney fees under OCGA § 13-6-11 is somehow dispositive of this issue. The arbitration award could be based only on matters which were submitted to arbitration. Therefore, the arbitrators could not consider the counterclaims that were dismissed previously and, in particular, could not consider Harkleroad & Hermance's motion under OCGA § 9-15-14 which was not brought until after arbitration was completed. Moreover, a claim under OCGA § 13-6-11 applies to a defendant's conduct before the commencement of litigation, and necessarily does not encompass conduct in the course of litigation. *Padgett v. Moran*, 167 Ga. App. 244, 245 (306 SE2d 96); *Raybestos-Manhattan, Inc. v. Friedman*, 156 Ga. App. 880, 883 (275 SE2d 817). Additionally, as defendant in counterclaim, Harkleroad & Hermance was not entitled to seek damages under OCGA § 13-6-11 because of the attorneys' actions in pursuing Stringer's counterclaims. See *Steele v. Russell*, 262 Ga. 651 (424 SE2d 272); *Gibson v. Southern Gen. Ins. Co.*, supra.

Accordingly, the case is remanded to the trial court to determine what award, if any, should be assessed against which of the appellees under OCGA § 9-15-14 (a) or (b) for their roles in this litigation.

*Judgment remanded in part and reversed and remanded in part with direction. Johnson and Smith, JJ., concur.*

DECIDED FEBRUARY 28, 1996 —
RECONSIDERATION DENIED MARCH 28, 1996 —

Schwall & Schwall, Emory A. Schwall, Harkleroad & Hermance, Donald R. Harkleroad, for appellants.

Morris, Manning & Martin, Joseph R. Manning, George E. Hibbs, The Wilson Law Firm, L. Matt Wilson, J. Phillip London, Jr., Anthony E. Diresta, for appellees.