### A96A0553. COOK v. ROWLAND.
(472 SE2d 444)

BIRDSONG, Presiding Judge.

O. Jackson Cook appeals the finding of the trial court holding him in contempt because he wilfully refused to comply with a previous order of the court, dated November 9, 1993, which required Cook to submit to a post-judgment deposition, to respond to Rowland's post-judgment interrogatories, to respond to Rowland's request for production of documents, and to pay Rowland's attorney fees and costs in connection with the motion to compel. This order followed a previous order of the court, dated October 9, 1993, which also compelled discovery, imposed sanctions, and notified Cook that "failure to comply with this order subjects you to the contempt power of this court which could result in a fine being imposed, a term of imprisonment, and/or such other sanctions as the court deems appropriate."

The trial court, having found that Cook was in wilful contempt of the order of November 9, 1993, which directed him to answer Rowland's post-judgment discovery, ordered Cook to report to the Cobb County jail on weekends, beginning at 6:00 p.m., Friday, September 8, 1995, and remaining incarcerated until 7:00 a.m., Monday, September 11, 1995, and so long as Cook remained in contempt to report to jail for weekend incarceration until Cook purged his contempt by responding to the post-judgment discovery, submitting to a post-judgment deposition, and paying Rowland's attorney fees in the

amount of $8,135.82. The trial court found the attorney fees were warranted because Cook, "a licensed attorney at law in this State, has consistently refused to make discovery in this action without any justification, and has engaged in conduct which is frivolous, groundless, and substantially vexatious."

This is an action based upon a note for $40,000 that Cook signed on January 9, 1989, in which he promised to pay J. H. Rowland, Jr., with ten percent interest by February 1, 1990. After Cook defaulted on the note and made no effort to reduce the debt, Rowland filed suit on April 25, 1991. The action shows that despite Rowland's repeated efforts to conduct discovery, Cook refused to answer the discovery or submit to a deposition, even though the trial court had granted an earlier motion to compel discovery. Then, with a motion to compel pending, Cook consented to judgment in the amount of $63,522.67 plus interest at 12 percent.

Subsequently, Rowland served post-judgment discovery, but again Cook simply failed to answer until the trial court again ordered him to do so. Finally, on November 30, 1993, Cook served his response to the post-judgment discovery. Rowland found these answers to be less than forthcoming and moved for contempt. Cook never sat for a deposition in this case even though his deposition, pre- and post-judgment, has been noticed several times.

On the day that this motion was first scheduled to be heard, Cook filed for Chapter 13 Bankruptcy. Although this gained the automatic stay of proceedings in this case, thereafter the bankruptcy court dismissed Cook's petition because the bankruptcy court found that Cook did not file numerous required schedules, failed to appear for his meeting with creditors or failed to request that the meeting be rescheduled, failed to appear at any hearings in the bankruptcy case, filed his petition with knowledge that he was ineligible for relief under Chapter 13, provided false information to the bankruptcy court under penalty of perjury, filed his petition in bad faith for purpose of delay or harassment of his creditors, and failed to cooperate with the bankruptcy court.

When the hearing on the contempt motion was next scheduled, Cook failed to appear allegedly because he had a medical emergency. Additionally, even though Cook submitted proposed orders to the trial court, he never responded to the motion for contempt. Finally, the hearing was conducted and the trial court issued the order leading to this appeal. Cook now contends the trial court abused its discretion in finding him in contempt. *Held*:

1. Cook contends the trial court erred by finding him in contempt. This is a matter committed to the discretion of the trial court which appellate courts will not disturb unless there has been a clear abuse. *Moore v. Moore*, 235 Ga. 512, 513 (220 SE2d 133); *Berman v.*

*Berman*, 232 Ga. 342, 343 (206 SE2d 447). Based upon the record in this case, the only conclusion that can be reached is that Cook has wilfully refused to comply with the orders of the trial court, and has repeatedly displayed his contempt for the court. Accordingly, the enumeration of error is without merit.

2. Rowland's motion for sanctions under OCGA § 5-6-6 is granted. "This Code section authorizes sanctions for frivolous appeals which are taken up only for purposes of delay. This is just such a case." *Stringer v. Harkleroad & Hermance*, 218 Ga. App. 701, 704 (463 SE2d 152). "Delay can be assumed where an appeal lacked merit. If an appellant knew or should have known that an appeal was ill-founded, sanctions should issue." (Citations omitted.) Id. at 704-705. Therefore, we grant an award for damages for delay against Cook in the amount of $813.58, and that Cook be required to pay interest at the legal rate on that award from the date this decision is published. The trial court is directed to enter judgment in favor of Rowland for damages in the amount of ten percent of the judgment. OCGA § 5-6-6; *Stringer v. Harkleroad & Hermance*, supra at 705.

*Judgment affirmed with direction. Beasley, C. J., and Blackburn, J., concur.*

DECIDED MAY 21, 1996 —
RECONSIDERATION DENIED JUNE 24, 1996.

*Barnes, Browning, Tanksley & Casurella, George T. Smith, Brookins & Cook, Kyle A. Pearson*, for appellant.
*Paller & Starkey, Carl A. Crowley III*, for appellee.