### A96A0334. McMILLAN v. MOTOR WAREHOUSE, INC.
(472 SE2d 120)

McMURRAY, Presiding Judge.

Motor Warehouse, Inc. d/b/a Motor Installers ("Motor Warehouse") installed a remanufactured engine and radiator in Cleveland McMillan's 1988 Oldsmobile automobile. The automobile, however, was destroyed by fire before McMillan returned to redeem the vehicle from repair. An arsonist set the automobile ablaze after business hours as the vehicle sat in Motor Warehouse's business parking lot. McMillan later brought a bailment action against Motor Warehouse to recover for the loss of his vehicle, alleging that Motor Warehouse failed to exercise ordinary care in protecting and preserving his automobile. Motor Warehouse denied liability and counterclaimed, seeking recovery for the unpaid cost of repairing McMillan's automobile. After a bench trial, the trial court observed that McMillan's automobile was destroyed over a month after Motor Warehouse informed McMillan that "the repairs were completed" and concluded that Motor Warehouse, as McMillan's bailee, "exercised the proper degree of care and diligence in protecting [McMillan's] car. . . ." This appeal followed the denial of McMillan's motion for new trial. *Held*:

McMillan challenges the trial court's verdict, arguing that the undisputed evidence demands a finding that Motor Warehouse failed to exercise ordinary care in protecting and preserving his automobile.

" 'In bench trials, the trial judge sits as the trier of fact and his findings are analogous to the verdict of a jury and should not be disturbed if there is any evidence to support them. (Cit.) Further, under OCGA § 9-11-52 (a) the findings of the trial court in these cases "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." As the clearly erroneous test has the same effect as the any evidence rule, we will not disturb the findings of fact in this case if there is any evidence to sustain them. (Cit.)' *Taylor & Rozier v. Anderson*, 211 Ga. App. 897, 898 (440 SE2d 767) (1994)." *Jafari v. Simpson Organization*, 214 Ga. App. 589, 591 (1) (448 SE2d 493). From this perspective, it is not difficult to see that the controlling issue in the case sub judice is whether there is any evidence to support the trial court's finding that Motor Warehouse exercised ordinary care and diligence in looking after McMillan's automobile. See *Rhodes v. Duarte*, 142 Ga. App. 885 (237 SE2d 212).

Lawrence A. Marostica, Motor Warehouse's president and stockholder, indicated on direct examination that he believed McMillan's vehicle was safe because it "was right on a busy, well traveled highway [and] the vehicle was close to the highway. . . ." Mr. Marostica also indicated that he did not store McMillan's automobile in Motor Warehouse's secure parking lot (which was "at a paint shop down the road") because the vehicle would not have been available for delivery had McMillan returned to redeem the automobile after 4:00 in the afternoon. Further, there is proof that free accessibility to McMillan's automobile was necessary by virtue of McMillan's indications that he may return at any time to redeem his vehicle. To this extent, McMillan admitted on cross-examination that he did not request that his automobile be stored and he affirmed that he did not redeem his automobile on at least two occasions (before destruction of the vehicle) after promising Motor Warehouse representatives that he would do so. With this proof, and a lack of evidence that Motor Warehouse experienced similar incidents of arson in its parking lot before destruction of McMillan's automobile, we cannot say the trial court erred in concluding that Motor Warehouse exercised ordinary care and diligence by leaving McMillan's automobile in the parking lot outside its place of business. See *Rhodes v. Duarte*, 142 Ga. App. 885, supra.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED MAY 29, 1996.

*Louis F. McDonald*, for appellant.
*Michael L. Wetzel*, for appellee.