## A98A1374. MARSHALL v. SDA, INC.
### (506 SE2d 661)

JOHNSON, Presiding Judge.

SDA, Inc. sued Andrew Marshall on a promissory note. SDA filed a motion for summary judgment, which was denied by the trial court because there was "some question as to the signature of [Marshall] on the notes." The case came to trial before a judge in the State Court of Muscogee County. The trial court issued an order and judgment in favor of SDA. Marshall filed a motion to set aside the judgment or, in the alternative, for a new trial, which was denied by the trial court. He appeals the trial court's judgment. We affirm.

1. Marshall contends the trial court erred in not considering the entire record. In his one paragraph argument, devoid of any citations to the record or to legal authority, Marshall refers to two affidavits filed in opposition to SDA's motion for summary judgment. However, there is no indication that these affidavits or the evidence contained in the affidavits was presented during the bench trial. A trial court's findings of fact are analogous to a jury's verdict and will be upheld if there is any evidence to support them. *Sommers v. State Compensation Ins. Fund*, 229 Ga. App. 352, 355 (4) (b) (494 SE2d 82) (1997). The burden is on Marshall to establish error by the record. Marshall has not provided this Court with a trial transcript or a statutorily authorized substitute pursuant to OCGA § 5-6-41. It appears from the trial court's findings of fact and conclusions of law that it relied on the trial evidence in making its determination. Thus, we cannot say that the trial court's ruling is not supported by evidence. See *Sommers*, supra.

2. Marshall next maintains that the trial court erred in sitting as a judge and a jury. He cites *Davis v. Holt*, 105 Ga. App. 125, 130 (1) (c) (123 SE2d 686) (1961), for the proposition that a judge who finds issues of material fact and denies a party's motion for summary judgment cannot thereafter hear the case in a bench trial. This is an incorrect reading of *Davis. Davis* merely reiterates the well-

established principles that (1) a party is entitled to a trial if there are any issues of material fact which need to be resolved in the case, and (2) a judge is not permitted at the summary judgment stage of a case to resolve material issues of fact. Id. However, it is also well established that a judge is permitted to resolve material issues of fact when sitting as the factfinder in a subsequent bench trial. See *McMillan v. Motor Warehouse*, 221 Ga. App. 550, 551 (472 SE2d 120) (1996); *Gibson v. Pierce*, 176 Ga. App. 287, 288 (335 SE2d 658) (1985). Moreover, the record does not show that Marshall ever demanded a jury trial or objected to the case proceeding as a bench trial; thus he waived his right to a jury trial. See *Matthews v. Matthews*, 268 Ga. 863, 864 (2) (494 SE2d 325) (1998); *Sommers*, supra at 355 (4) (a).

3. In his final enumeration of error, Marshall contends the trial court erred in admitting into evidence copies of documents in violation of the best evidence rule. We note once again that Marshall has the burden to provide this Court with a sufficient record to enable us to determine whether the trial court's ruling was correct. In the absence of a trial transcript or statutorily authorized substitute, it must be presumed that the trial court correctly ruled on the issue presented. See *Beech Aircraft Corp. v. Jackson*, 199 Ga. App. 627 (405 SE2d 518) (1991).

4. SDA requests that this Court impose a frivolous appeal penalty on Marshall in accordance with OCGA § 5-6-6 and Court of Appeals Rule 15 (b). OCGA § 5-6-6 authorizes sanctions for frivolous appeals which are taken up only for purposes of delay. This is such a case. "Delay can be assumed where an appeal lacked merit. [Cits.] If an appellant knew or should have known that an appeal was illfounded, sanctions should issue. [Cit.]" *Stringer v. Harkleroad & Hermance*, 218 Ga. App. 701, 704-705 (2) (463 SE2d 152) (1995). Moreover, damages for delay are especially appropriate where the underlying action, like this one, involves a collection action. Id. at 705. It does not appear that there was any valid reason for Marshall to anticipate reversal of the trial court's judgment. Therefore, we grant an award for damages for delay against Marshall in the amount of ten percent of the judgment ($1,394.68) and order that Marshall be required to pay interest at the legal rate on that award from the date this decision is published. See *Cook v. Rowland*, 221 Ga. App. 835, 837 (2) (472 SE2d 444) (1996); OCGA § 5-6-6. On remittitur, the trial court is directed to enter judgment in favor of SDA for frivolous appeal damages in accordance with this opinion.

*Judgment affirmed and remanded with direction. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 10, 1998.

*William J. Wright*, for appellant.
*Decker & Hallman, Peter V. Hasbrouck*, for appellee.