## 21070. RAHN v. PITTMAN.

MOBLEY, Justice. Frank M. Pittman filed in the Superior Court of Effingham County his petition in which he prayed that E. Berry Rahn be enjoined from obstructing or in any way interfering with the plaintiff's use of a lane abutting land, consisting of two adjoining lots in Springfield, which he had purchased from the defendant on February 8, 1956. He alleged that, as shown by an attached plat, referred to in the plaintiff's deed, the land was part of a subdivision and was bounded on the west side by a lane extending from Third Street, on which the land fronts, to land now owned by the defendant, this western boundary being described in the deed as "a lane or lands formerly of R. E. Shearouse"; that, immediately after purchasing the land, the plaintiff began to use the lane as a means of ingress to and egress from his land, on which he subsequently built the house he now occupies; that use of the lane is necessary for his full use and enjoyment of his property; that, on February 6, 1960, the defendant placed obstructions in the lane at the point where it intersects Third Street, thereby closing the entrance to the lane and preventing the plaintiff from using it; that the defendant has failed and refused, upon demand, to remove the obstructions and, under threats of personal violence and injury, has forbidden the plaintiff's removing them, and has notified the plaintiff that the lane will be permanently closed to the public and to the plaintiff; that the defendant's failure to remove the obstructions on demand and his threats of violence and injury constitute a continuing nuisance, which should be abated and the defendant enjoined from continuing

the nuisance; that the defendant's acts continue to interfere with and infringe upon the plaintiff's title to the land, the appurtenances thereto, and the right he acquired under the deed to use the lane for the purposes for which it was granted, thereby damaging the plaintiff in a manner and amount that is indeterminable and results in irreparable damages; and that, since he has no adequate remedy at law and in order to prevent a multiplicity of suits, he is bringing this petition in equity. The exceptions are to the orders overruling the defendant's plea to the jurisdiction and general demurrers. *Held:*

1. "When a grantor sells lots of land, and in his deeds describes them as bounded by streets, not expressly mentioned in the deeds, but shown upon a plat therein referred to as laid out in a subdivision of the grantor's land, he is estopped to deny the grantee's right to use the streets delineated in such plat . . . By parity of reasoning those claiming under such conveyances are estopped from denying the existence of the streets so delineated upon the plat of the subdivision and given as boundaries of lots acquired by these and others from the grantor or those claiming under him. All persons claiming under such grantor are forever estopped to deny their existence." *Tietjen v. Meldrim,* 169 Ga. 678, 697 (5) (151 S. E. 349). See also *Thompson v. Hutchins,* 207 Ga. 226 (60 S. E. 2d 455). In the instant case, not only was the plat of the subdivision referred to in the deed, but the lane alleged to have been closed by the defendant was specifically referred to in the deed as the western boundary of the land. Since the plaintiff has a property right in the lane, he is in position to contest its obstruction by the defendant.

2. The allegations of the petition show the existence not only of a nuisance, but of a continuing nuisance. "But the unlawful closing or obstructing of a private way, like that described in the present petition, is a nuisance, injurious to the property owners whose property abuts on the way . . . and such an obstruction to a private way being not only a nuisance but a continuing nuisance, a court of equity has jurisdiction to interpose by injunction to prevent a continuance of the nuisance or the placing of further obstructions in the way." *Dodson v. Evans,* 151 Ga. 435, 436 (107 S. E. 59). See also *Barham v. Grant,* 185 Ga. 601, 606 (8) (196 S. E. 43). Here,

in addition to allegations of the existence of a nuisance in the form of an obstruction to a private way, the plaintiff alleges that the defendant had notified the plaintiff "that said lane would be permanently closed to the public and to plaintiff's use and enjoyment thereof." According to *Thompson v. Hutchins*, 207 Ga. 226, supra, this is sufficient to give a court of equity jurisdiction. On July 11, 1950, this court decided the *Thompson* case and *Haney v. Sheppard*, 207 Ga. 158 (60 S. E. 2d 453), in both of which equitable relief was prayed against an existent obstruction to a private way. The relief was denied in the *Haney* case but granted in the *Thompson* case, which this court distinguished from the former by stating: "Nothing held in the present case is in conflict with the ruling made in *Haney v. Sheppard*, ante, p. 158, the facts in the two cases being materially different. In the present case the allegations of the petition show not only an obstruction of the private way involved, but also an intention on the part of the defendant to take over the delineated road and appropriate it to his own exclusive use and benefit." There, the plaintiff alleged that, in addition to the obstruction already erected, the defendant had notified him in writing of an intention to keep the way permanently closed. This alone manifested the defendant's intention to appropriate the way to his exclusive use. In the instant case, the plaintiff alleged that the defendant had notified him "that said lane would be permanently closed to the public and to plaintiff's use and enjoyment thereof." Accordingly, the petition sets forth a good cause of action for the intervention of equity to enjoin a continuing nuisance; and the trial court properly overruled the general demurrer.

3. Since, as shown in headnote 1, a continuing nuisance was alleged, and since a continuing nuisance may be enjoined by a court of equity (*Town of Rentz v. Roach*, 154 Ga. 491, 492 (5), 115 S. E. 94), it was not error to overrule the plea to the jurisdiction, wherein it was asserted that, by virtue of *Code* § 72-401, the mayor and city council of Springfield had jurisdiction to abate a nuisance in the form of a previously erected obstruction to a private way within the corporate limits of a city of less than 20,000 population.

*Judgment affirmed. All the Justices concur.*

Submitted November 14, 1960—Decided January 5, 1961.

*Anderson & Sanders, Cohen Anderson, Vance Dasher, Faye Sanders,* for plaintiff in error.

*George W. Fetzer, Walton Usher,* contra.