28751. BERMAN v. BERMAN.

HALL, Justice.

Dr. Berman, appellant here, brings to this court the

fifth appeal in this divorce case, alleging error in the order of the superior court holding him in contempt for failure to comply with the divorce decree, and in the order refusing his application for discharge from the contempt adjudication.

Enumerations of error 1 and 3 complain of the court's finding him in contempt with respect to nonpayment of one child's schooling expenses and failure to return to Mrs. Berman certain items of personal property. The question whether a contempt has been committed is for the trial court, and that court's adjudication will not be interfered with unless there has been an abuse of discretion. Code § 24-104; *Taylor v. Taylor,* 216 Ga. 767 (2) (119 SE2d 571); *Cabot v. Yarborough,* 27 Ga. 476; *Crudup v. State,* 106 Ga. App. 833 (129 SE2d 183), affd. 218 Ga. 819 (130 SE2d 733), cert. den., 375 U. S. 829 (84 SC 74, 11 LE2d 61), see *Roberts v. Roberts,* 226 Ga. 203 (173 SE2d 675). Our review of the record shows there was evidence supporting the trial court's findings of contempt and those findings will not be disturbed.

The second enumeration of error complains of Mrs. Berman's having been allowed to testify over objection that one child of the parties was hyperactive. The record shows that there is no viable contention that the child is other than hyperactive, though Dr. Berman made the point at the hearing that the child had not been officially so diagnosed in 1972, prior to the filing of the contempt citation. Nonetheless, Dr. Berman admitted that prior to the date of the hearing, to his knowledge the child had been diagnosed as requiring special schooling. No reversible error occurred from the admission of Mrs. Berman's testimony.

The fourth and last enumeration alleges error in the superior court's order awarding $1,800 attorney fees to Mrs. Berman's attorney in the contempt proceedings. At the hearing, that attorney itemized his activities during the proceedings in the original contempt citation, including the grant of a new trial to Mrs. Berman, an appeal to this court, this court's affirmance of the new trial order, and a new trial of the matter in the superior court. He totaled some 45 hours.

In contempt proceedings, the award of attorney fees is discretionary with the trial judge, (Code Ann. § 30-219; *Roberts v. Roberts,* 226 Ga. 203, 208, supra), and an award will be affirmed where the amount does not appear from the record to be excessive (*Shepherd v. Shepherd,* 231 Ga. 257, 260 (200 SE2d 893); *Hunnicut v. Sandison,* 223 Ga. 301, 306 (154 SE2d 587)). Moreover, the award may cover the time expended in an appeal to this court (viz., the prior appeal), *Posner v. Posner,* 220 Ga. 468, 470 (139 SE2d 386)), being designed to allow for all the proceedings "from the beginning of the citation to its final conclusion." Thus, there is no merit in Dr. Berman's contention that Mrs. Berman's attorney's services in the prior hearing (resulting in a finding of no contempt) should not have been compensated by the order, nor in his contention that the award should be modified because subsequent to the filing of the initial citation certain of its allegations became moot before the last adjudication which took place approximately a year later.

The enumerations of error being without merit, the judgment will be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 9, 1974 — DECIDED MAY 21, 1974 — REHEARING DENIED JUNE 12, 1974.

*Manning, Read & Richardson, Curtis R. Richardson,* for appellant.

*Kaler, Karesh & Frankel, Glenville Haldi,* for appellee.