## 30407. MOORE v. MOORE.

HALL, Justice.

This appeal is brought by Mrs. Moore from the July 23, 1975 judgment of the Fulton Superior Court, which denied the demands for relief contained in her application for contempt citation against her former husband and ruled that he was not in wilful contempt.

The contempt was claimed to be Mr. Moore's failure to pay for his son's college education under the following paragraph of the agreement and final decree of divorce granted between the parties: "Defendant shall pay for the college education for both children of the parties, including tuition, board, books and other reasonable and necessary items relative to a college education; provided, however, that the college to which a child is sent shall be selected by mutual agreement between the plaintiff, the defendant and the child involved."

We construe all of that paragraph following the word "provided" to state a condition precedent to Mr. Moore's duty to pay college expenses. *Self v. Smith,* 216 Ga. 151, 153 (115 SE2d 355) (1960); *Evans v. Piedmont Nat. Bldg. &c. Assn.,* 117 Ga. 940, 945 (44 SE 2) (1903). Mr. Moore's position is that the condition precedent had not been met. The transcript of the contempt hearing shows that the trial court manifested extensive understanding of the communication difficulties being experienced by this family. The test on appeal is whether the court abused its discretion on the basis of the facts before it in ruling Mr. Moore not in wilful contempt. *Berman v. Berman,* 232 Ga. 342, 343 (206 SE2d 447) (1974). We conclude that it did not. *Scott v. Scott,* 229 Ga. 30 (189 SE2d 72) (1972), and *Bateman v. Bateman,* 224 Ga. 20 (159 SE2d 387) (1968), urged by Mrs. Moore, are factually distinguishable.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 14, 1975 — DECIDED OCTOBER 28, 1975.

*Westmoreland, Hall, McGee & Warner, William Terry Pickren, Harry P. Hall, P. Joseph McGee,* for appellant.

*Candler, Cox, Andrews & Hansen, E. Lewis Hansen, Jr.,* for appellee.