## 58072. RUTLEDGE v. THE STATE.
## RUTLEDGE v. RUTLEDGE.

UNDERWOOD, Judge.

This is an appeal by Ty Rutledge from two separate orders of the Superior Court of Bartow County finding him in both criminal and civil contempt of court as the result of his conduct following a jury trial in a divorce case in which he had been the defendant. The civil contempt citation was based on threatening telephone calls made by Rutledge to his former wife on February 9, 1979 and a telephone call made to his former wife's stepmother on the same date, in violation of an order of the court dated June 16, 1978 which had been entered in the divorce proceedings. After a hearing, the court found that Rutledge made such calls in violation of the court's order; that his acts were wilful and deliberate; and that he was in contempt. He was ordered to serve five days in the Bartow County jail.

The criminal contempt charge was based on Rutledge's failure to appear in court at 9 a.m., February 9, 1979, as ordered by the court after it had come to the attention of the court that Rutledge made a telephone call to one of the jurors in his divorce proceeding after the case had been concluded. The court found that his failure to appear was wilful and deliberate and constituted contempt; he was sentenced to serve twenty days in jail.

On appeal, Rutledge contends that the evidence was not sufficient to support the court's findings with respect to either criminal or civil contempt. The enumerations of error are without merit. Code Ann. § 24-104 (3) provides that "Every court has power ... [t]o compel obedience to its ... orders, ... and to the orders of a judge out of court, in an action or proceeding therein." The Supreme Court has held that "[T]he question whether a contempt has been committed is for the trial court, and that court's adjudication will not be interfered with unless there has been an abuse of discretion." *Berman v. Berman,* 232 Ga. 342, 343 (206 SE2d 447) (1974), and cits. The test on appeal is whether the court abused its discretion on the basis of the facts before it. *Moore v. Moore,* 235 Ga. 512, 513 (220 SE2d 133) (1975). We do not find that the trial judge's

action here represents an abuse of discretion.

*Judgment affirmed. McMurray, P. J. and Banke, J., concur.*

SUBMITTED JULY 11, 1979 — DECIDED SEPTEMBER 12, 1979 — REHEARING DENIED OCTOBER 3, 1979.

*Henry A. Keever, Ben Lancaster,* for appellant.
*Charles Crawford, District Attorney, David N. Vaughan,* for appellee.