72532. URBAN MEDICAL HOSPITAL, INC. v. SEAY.
(348 SE2d 315)

DEEN, Presiding Judge.

Urban Medical Hospital, Inc. filed an application for an appeal in this court after sanctions were imposed against its attorney for an improper remark made during the retrial of this case. (The first trial resulted in a verdict for the hospital and was overturned on appeal. *Seay v. Urban Medical Hosp.*, 172 Ga. App. 344 (323 SE2d 190) (1984).) The case was retried on May 1, 1985, before Judge A. Harris

---

Adams, State Court of Cobb County judge who was sitting by designation as a superior court judge. Prior to trial, counsel for the plaintiff made a motion in limine. One of the issues discussed was the extent of any reference to the prior trial since a thorough and sifting cross-examination could necessitate the uses of the transcript for impeachment purposes. During the ensuing discussion on the motion, Lynn Downey, counsel for the defendant, bitterly expressed his displeasure with this court's ruling in the prior case several times. The trial judge held that he had previously ruled that there could be no inferences as to the disposition of the prior case and that he would not tolerate any bantering back and forth or any attempt to submit clearly inadmissible evidence.

At one point in the trial, while the court was ruling on a pending evidentiary matter, plaintiff's counsel moved for a mistrial and the jury was removed from the courtroom. Counsel claimed that he was standing near the jury box and heard Downey make an improper remark as to the outcome of the prior trial while the judge was speaking, and that he was sure the jury overheard it. The trial judge stated that he did not hear the remark because he was making his ruling, and the court reporter stated she did not hear it because she was taking down the judge's ruling. Plaintiff's counsel stated that he overheard Downey say, "I wish I had that old trial back, I did pretty well in that," and claimed that Downey was trying to get objectionable material in through the side door, and that the statement was knowingly and intentionally made to prejudice the jury. The trial judge deferred ruling on the motion and decided against giving any curative instructions to the jury because he was afraid they might accentuate the comment. The next day, the court granted the motion for a mistrial. Counsel for the plaintiff then moved for costs, attorney fees, and costs of preparation of a transcript, and moved to disqualify Downey and his firm from the case. The court denied the motion on the basis that it was not a written motion and placed upon the calendar for a hearing.

Plaintiff then filed a written motion seeking sanctions against the defendant as stated above, as well as expenses incurred by witnesses in attending the trial. A hearing was conducted by Judge Cauthorn, who entered a written order reviewing the trial of the prior case, the ensuing appeal, and the facts surrounding the grant of a mistrial at the retrial. The court held it was "left without a roadmap" and "must fall back on OCGA § 15-1-3 as the source of its authority to deal with the intentional act of Lynn A. Downey" and found that the court did have the authority to grant the relief prayed for by the plaintiff. The court found that the plaintiff had abandoned its contempt motion and that most of the relief prayed for in the motion for sanctions was appropriate. Downey and his firm were barred from representing the

defendant in the case, but it declined to assess attorney fees, costs, transcript costs, and witness expenses against the defendant because the defendant in no way participated in or approved of Downey's action. Instead, these expenses were assessed against Downey personally. Upon submission of an affidavit by Downey's law firm stipulating that Downey would not benefit financially from the firm's representing the defendant, the court entered an order authorizing the firm to proceed with its representation of Urban Medical Hospital. The defendant hospital now asserts as error the trial court's ruling in disqualifying Downey as its counsel and the award of attorney fees, costs, transcript costs, and out-of-town witness expenses against Downey personally. *Held*:

Under OCGA § 9-10-185, "[w]here counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds." In its discretion the court may order a mistrial for improper remarks of counsel. *Counts v. Moorehead*, 232 Ga. 220 (206 SE2d 40) (1974). Some improper statements, however, may be so prejudicial that no instruction from the trial court can eradicate their effect from the jurors' minds. *Georgia Power Co. v. Puckett*, 181 Ga. 386 (182 SE 384) (1935). In ruling on matters contemplated by the above-quoted code section, the trial court is vested with a broad discretion, and its ruling will not be disturbed unless this discretion was manifestly abused. *McCluskey v. American Oil Co.*, 225 Ga. 63 (165 SE2d 830) (1969).

In the instant case, *the trial judge did not hear counsel's remark* because he was making a ruling when it was made. Downey admitted making the remark to the hospital's representative, seated at the counsel table, but denied that it was intended to be overheard by the jury. While the trial court was correct in observing that it could not give curative instructions without revealing the prejudicial statement and thereby intensifying its effect, we believe that the grant of a mistrial was a manifest abuse of the court's discretion. The court should have first determined whether the jurors had in fact heard the remark by discreetly inquiring as to whether anyone had heard a remark made by counsel, and then interviewing any juror who gave an affirmative response, out of the presence of the other jurors, to determine exactly what was heard and then determine if the comment was prejudicial. It is possible that nothing at all was heard, or that only a harmless fragment of the statement was overheard, and there would be no need to grant a mistrial.

The trial court's failure to make a nonintrusive inquiry as to whether the comment was heard by the jury constitutes an abuse of

discretion in granting the mistrial. Accordingly, we need not address the issue of the appropriateness of the sanctions imposed on counsel for the defendant.

*Judgment reversed. Banke, C. J., Birdsong, P. J., Sognier and Benham, JJ., concur. McMurray, P. J., Pope and Beasley, JJ., concur in part and dissent in part. Carley, J., disqualified.*

BEASLEY, Judge, concurring in part and dissenting in part.

I concur but must explain the reasons so as not to give the impression that I agree with all that is said. In addition, I dissent with respect to the action ordered by this court as a result of the opinion.

Plaintiff filed a "Motion for Sanctions" which sought three different types of relief: contempt against attorney Downey, with no specific penalty suggested; a monetary penalty against defendant in the form of costs and fees incurred and to be incurred in the lawsuit (and the striking of pleadings, which relief does not figure in the dispute as it comes to us); and disqualification of Downey's firm from further participation in the suit, which of course would be a penalty against defendant and against its attorney, Downey, as well as against the firm. As to this latter sanction, it would affect the client's right to be represented by counsel of its choosing, and it would affect the financial and reputation interests of the attorney personally, as well as those interests of his firm. Downey's, and his firm's, rights in regard to choosing clients would also be affected.

The trial court which heard and ruled on the comprehensive motion awarded several types of relief. It penalized *defendant* by disqualifying Downey from further participation in the suit and thus requiring someone else in the firm to take up the cause. It penalized *Downey* by depriving him of a client with a resulting fee loss (he was not to benefit from his firm's continuing the representation) and a tarnish on his professional reputation. It penalized *Downey* also by charging him with plaintiff's costs and fees and expenses incurred in prosecuting the case.[1]

This is the order appealed from, by defendant, the client. We do not address the question of whether it has standing to challenge the punitive measures imposed on its attorney in connection with what the trial court found contemptuous. We need not do so, because we have concluded that one of the major factors upon which the court measured the amount of damages occasioned by the attorney's alleged

---

[1] Although the court stated in its order that plaintiff abandoned the motion for contempt by not following up the oral motion made at trial with a written "Petition for Contempt," the motion for sanctions then being ruled on *did* ask that Downey be held in contempt and the court *did* make findings of fact in that regard and penalized him. See *Dowdy v. Palmour*, 251 Ga. 135, 141 (1) (304 SE2d 52) (1983) and *Moody v. State*, 131 Ga. App. 355, 358-359 (2) (206 SE2d 79) (1974) regarding contempt procedure.

misbehavior has been substantially undermined by our opinion. That is, in fashioning a penalty for disobeying the trial court and implying in open court what the *outcome* of the prior trial was, the sanctioning court cast blame for the mistrial on that attorney. That, we say, was error because the mistrial was granted under OCGA § 9-10-185 prematurely or too hastily.[2] So the sanctioning court should not have considered this factor in fashioning an appropriate punishment for Downey's possibly injecting prejudice into the case, assuming it was deliberate.

Whether or not appellant has standing to complain about the monetary sanctions against its attorney, its own interests are directly affected by the disqualification of its attorney from further participation in a lawsuit it will now have to defend for the third time. The disqualification, like the monetary sanctions against the attorney, stems from what precipitated the mistrial, which we conclude has a faulty base.

The sanctioning court should now be required to reconsider the multi-faceted motion in view of our decision as to the mistrial. The new light in which this ingredient should be viewed should first be considered by the lower court in recomputing appropriate sanctions. Of course, it has the power to punish an attorney, who is an officer of the court, for contempt of court. OCGA § 15-1-3; *West v. Field*, 181 Ga. 152 (6) (181 SE 661) (1935). We cannot exercise that court's discretion. *Berman v. Berman*, 232 Ga. 342 (206 SE2d 447) (1974); *Rutledge v. State*, 151 Ga. App. 615 (260 SE2d 743) (1979).

Even if the mistrial should not have been granted, that does not address or foreclose the question of whether the attorney's statement was contemptuous. Moreover, whether the jury heard it or not is not directly relevant, although if it was heard that fact might tend to show it was said close enough to the jury and loud enough so it could be heard. That is, was it said with the intention that it be heard by the jury? If so, such a fact would reflect on whether there was a deliberate effort to inject prejudice into the case in favor of the attorney's own client.

I would therefore remand for this to be done. If a new assessment is made and appellant or anyone with an appealable interest believes legal error has been made, it can seek review. We are, after all, a court of review exclusively, *Harmon v. Southern R. Co.*, 123 Ga. App. 309 (2) (180 SE2d 604) (1971); Ga. Const. 1983, Art. VI, Sec. V, Par. III, and should not by our decision excuse an officer of the court for con-

---

[2] The case is in the present peculiar posture of this court disapproving the grant of mistrial without reversing that order, because there was no appeal from the declaration of mistrial. See *Selman's Express v. Wright*, 119 Ga. App. 752 (168 SE2d 658) (1969); OCGA § 5-6-34 (b).

tempt as a result.

I am authorized to state that Presiding Judge McMurray and Judge Pope join in this opinion.

DECIDED JUNE 25, 1986 —
REHEARING DENIED JULY 24, 1986 —

*Joseph C. Parker, Y. Kevin Williams*, for appellant.
*Clifford J. Steele, Kevin J. Rodgers*, for appellee.
*Dan E. White, Albert H. Parnell*, amici curiae.