S98A1331. MATHIS et al. v. DURHAM et al.
(505 SE2d 724)

THOMPSON, Justice.

This is an appeal from the grant of an interlocutory injunction requiring defendants Mathis and McLaughlin to remove a fence they erected on a 60-foot wide gravel right-of-way, known as Air Park Court, which divided McLaughlin's property from that of plaintiff Durham.[1] Finding no abuse of the trial court's discretion, we affirm.

The parties all reside in Mathis Air Park, which was developed by Mathis and McLaughlin as a fly-in residential community. Durham, who claims easement rights to Air Park Court, used that right-of-way as an airplane taxiway since moving to Mathis Air Park in 1981. He constructed a hangar on his property to house his airplane and motor home, which he accessed via Air Park Court. McLaughlin erected the 480-foot fence in May 1995, allowing a narrow opening at Durham's driveway to accommodate vehicular traffic, but blocking access to the hangar.

The following month, Durham, along with other property owners

---

[1] There is disagreement as to the proper designation of the disputed right-of-way; however, for purposes of this appeal, it will be referred to as "Air Park Court."

and residents of Mathis Air Park, brought a petition for temporary and permanent injunction, abatement of nuisance, and declaratory judgment, against Mathis and McLaughlin. Plaintiffs sought to have the fence removed, claiming that it was erected on land over which plaintiffs were granted "ownership or easement" rights based on the subdivision plat and representations by defendants. Defendants answered and counterclaimed, denying that plaintiffs enjoyed an easement over the road for purposes of taxiing propeller-driven aircraft.

In July 1995, following a hearing on plaintiffs' motion for interlocutory injunction, the parties entered into a temporary consent order, which required defendants to remove a 40-foot section of the fence to allow automobile, but not aircraft, access between Air Park Court and Durham's hangar.[2] The order also provided that "[t]he parties agree to a trial on the merits of the case in November 1995, if same can be scheduled by the Court." That date was extended until January 1996 by amended order. As yet, trial has not been held.

In July 1997, plaintiffs filed a motion to withdraw their consent and for injunctive relief, asserting that defendants had failed to abide by the consent order which had contemplated "shortened discovery and an early trial date." It was also alleged that defendants had resorted to physical violence in obstructing the right-of-way and preventing plaintiffs from conducting a survey of the area. Plaintiffs claimed irreparable injury by the inability to utilize Durham's hangar to house aircraft and to taxi aircraft along Air Park Court. They sought to have the fence removed and to allow traffic on Air Park Court consistent with its use before construction of the fence. Following a hearing, the trial court allowed plaintiffs to withdraw their consent, and entered the present interlocutory injunction requiring defendants to remove the fence within five days or thereafter permit plaintiffs to remove it.[3]

1. We reject defendants' assertion that the two-year delay in seeking an interlocutory injunction is inconsistent with plaintiffs' claim of injury and the need for immediate relief. Plaintiffs showed that they had entered into the consent order in an effort to keep peace in the neighborhood and in anticipation of an early trial date, but that after two years, trial had not taken place, and defendants had failed to abide by those terms of the order. Under OCGA § 9-5-9, the trial court may entertain requests relative to the protection of individuals at any time during the pendency of the litigation, includ-

---

[2] Defendants have not requested that a transcript of that hearing be included in the record on appeal.

[3] At that hearing, the court also entertained argument on cross-motions for summary judgment as to ownership or easement rights in Air Park Court. Those issues remain pending.

ing the entry of an injunction or "modification of its terms upon proof of changed circumstances." *Stone Man, Inc. v. Green*, 265 Ga. 877, 878 (463 SE2d 1) (1995). "The appellate courts will not interfere with a trial court's exercise of its discretion in granting an injunction absent a manifest abuse of discretion." *Powell v. Studstill*, 264 Ga. 109, 110 (1) (441 SE2d 52) (1994). Since the change in circumstances supported the court's ruling allowing withdrawal of the consent order and the grant of injunctive relief, we will not find an abuse of discretion.

2. Defendants assert a lesser remedy, short of removal of the entire fence, may have accommodated the needs of the parties.

After hearing lengthy argument concerning the respective claims of ownership or easement rights to Air Park Court, the trial court indicated that such issues must be resolved by a jury. But after reviewing evidence in support of plaintiffs' petition, and balancing the hardships of the parties, the court determined that removal of the fence would return plaintiffs to the status quo prior to its construction. We find no manifest abuse of discretion in concluding that the greater harm would have been done by refusing to grant the injunction. See generally *Poe &c. of Ga. v Gill*, 268 Ga. 749 (492 SE2d 864) (1997).

3. The court ordered that defendants remove the fence within five days or plaintiffs were authorized to do so, thus satisfying the specificity requirements of OCGA § 9-11-65 (d).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 14, 1998.

*George E. Butler II*, for appellants.

*Boswell & Teske, Stephen E. Boswell, Steven C. Teske, McCrimmon & McCrimmon, Edward W. McCrimmon, Lisa L. McCrimmon*, for appellees.