## A02A1326. DURHAM et al. v. MATHIS et al.
(575 SE2d 6)

MIKELL, Judge.

Mathis Air Park Subdivision ("Air Park") was developed by L. G. Mathis and Patrick E. McLaughlin as a fly-in residential community where many residents own airplanes and have hangars on their property. See *Mathis v. Durham*, 269 Ga. 753 (505 SE2d 724) (1998). William R. Durham, Kathy Durham, George Gaddis, Howard Avery, Barbara Avery, Lisa L. McCrimmon, and Edward W. McCrimmon, property owners and residents of Air Park, filed the underlying petition for equitable relief, abatement of nuisance, injunction, and declaratory judgment against Mathis and McLaughlin, after the defendants erected a fence across Air Park Court, a gravel roadway in the subdivision used by many of the residents for vehicular traffic and taxiing airplanes to and from the nearby private airport. The plaintiffs sought a declaratory judgment that both existing roadways in the subdivision, Air Park Court and Air Park Road, were rights-of-way for the use and enjoyment of the property owners. They also sought injunctive relief requiring the defendants to remove the fence at issue and preventing the defendants from further obstructing the rights-of-way, as well as an award of attorney fees.[1] The defendants filed a counterclaim, seeking a declaratory judgment that plaintiffs William and Kathy Durham's easement over the roadway was for vehicular and pedestrian traffic only; that none of the plaintiffs had an express or implied easement allowing them to taxi propeller-driven aircraft on the roadways; and that the defendants could dedicate a portion of Air Park Road to Forsyth County. They amended their counterclaim to seek damages and attorney fees. The trial court issued an interlocutory injunction requiring the defendants to remove the fence they erected on Air Park Court, and the Supreme Court affirmed the decision. *Mathis v. Durham*, supra.

At issue in the present appeal is the trial court's order on the parties' cross motions for summary judgment. In that order, the court granted partial summary judgment to the plaintiffs and found that the defendants' fence constituted a taking of the right-of-way of those plaintiffs who own lots 6, 7, and 10, which are adjacent to Air Park Court. The court awarded partial summary judgment to the

---

[1] Plaintiff Durham amended his complaint to seek damages.

defendants on the issue of the length of Air Park Court, holding that the roadway, which was not a public road, extended from the intersection of Air Park Road to the southwest line of lots 6 and 9 on a plat of the subdivision dated September 23, 1983 (the "1983 Plat"). The court declared that the owner of the rental airplane hangars on lot 7 must have an entrance and exit for airplanes on Air Park Road, not on Air Park Court. Finally, the trial court declared that Air Park Road is a public road and that it may be used as a right-of-way for taxiing airplanes.

The plaintiffs appeal, arguing that the trial court erred in: (a) declaring that only residents owning lots adjacent to Air Park Court had egress and ingress on that roadway, (b) declaring that users of the rental hangars cannot use Air Park Court, (c) using the 1983 Plat to define Air Park Court, (d) granting summary judgment to the defendants on the issue of the length of that roadway, (e) concluding that Air Park Road is a public road, and (f) concluding that each property owner whose lot fronts on Air Park Road owns a portion of the road. The plaintiffs also argue that the court erred in denying their "Motion for Contempt Against Defendants and Ruling Regarding Defendant's Spoliation of Evidence." For reasons explained below, we affirm in part and reverse in part.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). Accord *Flournoy v. Hosp. Auth. of Houston County*, 232 Ga. App. 791 (504 SE2d 198) (1998).

The record reveals that Air Park was developed in 1979 or 1980 by Mathis and McLaughlin. William R. McGrath was the first person to purchase a lot in the subdivision. He deposed that his was the most remote piece of property from the nearby airport and that Mathis told him "when I put you in a road there will be a road for all of the other people that subsequently move in to taxi their airplanes on." According to McGrath, Mathis and McLaughlin created a 60-foot-wide gravel right-of-way leading from his 7.77-acre piece of property to Mathis Airport. McGrath deposed that Mathis showed him a plat of the subdivision dated May 22, 1981 (the "1981 Plat"), which depicted his lot, eleven other proposed lots, and two rights-of-way.

McGrath further deposed that Mathis displayed the 1981 Plat at the airport to attract buyers.

Plaintiff William Durham purchased lot 10 in Air Park in December 1981.[2] Durham deposed that he was shown the 1981 Plat in connection with the sale. In fact, the warranty deed from Mathis and McLaughlin to Durham refers to the 1981 Plat. Remaining lots were sold to other purchasers; however, those deeds referenced individual plats depicting the specific lots being conveyed and did not include the 1981 Plat.[3] Approximately 21 deeds have been recorded conveying property in Air Park. The record shows that McGrath, Durham, and many other residents used both Air Park Court and Air Park Road to taxi their airplanes to and from the airport.

There is some dispute as to whether the 1981 Plat should have been used by the court to define Air Park Road and Air Park Court. The defendants contend that the 1983 Plat should control and that the right-of-way denominated Air Park Court on the 1983 Plat constitutes a different roadway from that called Air Park Court on the 1981 Plat. For instance, on the 1981 Plat, Air Park Court includes a cul-de-sac that extends into proposed lots 7 and 8, but this cul-de-sac does not exist on the 1983 Plat. Significantly, McLaughlin presently owns the two lots where the cul-de-sac was formerly located. Therefore, if the plaintiffs were able to travel over the cul-de-sac as they claim they are entitled, they would require an easement over McLaughlin's property. The defendants contend that the 1983 Plat reconfigured the subdivision. McLaughlin deposed that he had never seen the 1981 Plat, but he admitted that it initially designated the Air Park subdivision. Mathis admitted that he and McLaughlin failed to record either the 1981 or 1983 plats. The trial court used the 1983 Plat in reaching its decision regarding the length of Air Park Court.

1. In claims of error one, two, three, and five, the plaintiffs contend that the trial court erred in concluding that only residents owning lots adjacent to Air Park Court had rights of egress and ingress on that roadway and that users of the rental hangars could not enter and exit on Air Park Court. They argue that Air Park Court is an amenity comparable to a golf course or swimming pool that normally would be available to all property owners in a subdivision; however, they offer no support for this argument.

The plaintiffs fail to point to deeds or any written instruments conveying easements over Air Park Court to each plaintiff. "An express grant of an easement must contain language sufficient to designate with reasonable certainty the land over which it extends."

---

[2] Durham purchased lot 7 in 1984.

[3] Darwin and Deanna Puls purchased a lot in December 1981. Their warranty deed referred to the 1981 Plat; however, they are not parties to this action.

(Citation omitted.) *Macon-Bibb County Indus. Auth. v. Central of Ga. R. Co.*, 266 Ga. 281, 283 (3) (466 SE2d 855) (1996). Accord *Lovell v. Anderson*, 242 Ga. App. 537, 540 (2) (530 SE2d 233) (2000). Similarly, the plaintiffs have not demonstrated that any of them other than Mr. and Mrs. Durham may have met the requirements necessary to acquire use of the roadway by adverse possession. "To acquire title by adverse possession, a claimant must show public, continuous, exclusive, uninterrupted, and peaceable possession of the property for twenty years, or for seven years under color of title. . . . A claimant alleging title by adverse possession bears the burden of proving it." (Citations and punctuation omitted.) *Church of the Nativity v. Whitener*, 249 Ga. App. 45, 48 (4) (547 SE2d 587) (2001).

The plaintiffs rely on *Rahn v. Pittman*, 216 Ga. 523, 524 (1) (118 SE2d 85) (1961); however, that case is distinguishable from the case at bar. In *Rahn*, the Supreme Court held that "[w]hen a grantor sells lots of land, and in his deeds describes them as bounded by streets, not expressly mentioned in the deeds, but shown upon a plat therein referred to as laid out in a subdivision of the grantor's land, he is estopped to deny the grantee's right to use the streets delineated in such plat." (Citation and punctuation omitted.) Id. at 524 (1). In that case, the deed referred to the plat of the subdivision, and the roadway at issue was specifically referenced in the deed as the western boundary of the property. Id. In the case sub judice, the only plaintiffs whose deed referred to the 1981 Plat were the Durhams, and the court gave rights of ingress and egress on Air Park Court to them as the owners of the lot conveyed in that deed. The other plaintiffs have not demonstrated that their deeds incorporate Air Park Court as a boundary line of their property or refer to the 1981 Plat.[4] *Martin v. First State Bank &c. Co.*, 231 Ga. 511 (202 SE2d 447) (1973), which held that "where a street or other way is called for as a boundary in a conveyance of land, . . . [the grantor] is estopped . . . to deny that the street or other way exists, and an easement in such way passes to the grantee by implication of law," is similarly distinguishable. (Citation and punctuation omitted.) Id. at 512.

We have repeatedly held that the party alleging error bears the burden of showing it affirmatively by the record. *Tahamtan v. Sawnee Elec. Membership Corp.*, 228 Ga. App. 485 (491 SE2d 918) (1997). See also *Brown v. Frachiseur*, 247 Ga. 463, 464 (277 SE2d 16) (1981) (on appeal of grant of summary judgment, the burden is on the appellant to establish error by the record). We note that the record in this case is voluminous, and the facts are complex. "It is

---

[4] Many of the deeds in the record incorporate Air Park Road as a boundary; however, the plaintiffs' right to use that roadway has not been challenged.

well-settled that an appellate court will not cull the record in search of error on behalf of one of the parties." (Citations omitted.) *Vitner v. Miller*, 223 Ga. App. 692, 693 (1) (479 SE2d 1) (1996). In the absence of evidence supporting the plaintiffs' assertion that every resident of Air Park was entitled to use Air Park Court and that the trial court erred in concluding otherwise, we must affirm the judgment of the trial court on this ground.

The plaintiffs' argument that the court should have used the 1981 Plat to determine which plaintiffs had rights of ingress and egress is likewise without merit. The only plaintiffs whose deed referred to the 1981 Plat were the Durhams, and the trial court specifically granted rights of ingress and egress on Air Park Court to the owners of lots adjacent to that roadway, which would include the Durhams. The other deeds on which the plaintiffs rely refer to individual plats created in connection with the respective sales and not to the 1981 Plat.

2. In their fourth enumerated error, the plaintiffs contend that the trial court erred in granting partial summary judgment to the defendants on the issue of the length of Air Park Court. Again, they have failed to demonstrate error by the record. The plaintiffs have failed to point to a single deed or contract specifying the length of Air Park Court. The court based its determination on the 1983 Plat, which appears to be the most recent plat of the subdivision and reflects the lots as they currently appear.

3. In their sixth claim of error, the plaintiffs assign error to the trial court's declaration that Air Park Road is a public road. The trial court does not provide any reasoning for this conclusion in its order, and we cannot find any evidence in the record to support it.[5] The plaintiffs emphasize that it is undisputed that Air Park Road is used for taxiing aircraft, as well as vehicular traffic. At a minimum, it stands to reason that Air Park Road might not be a safe public thoroughfare. Because the undisputed evidence does not demonstrate that the defendants are entitled to judgment as a matter of law on this claim, we reverse the order of the trial court granting summary judgment and remand the case for jury determination of this issue. See generally *Mackinnon v. Hodge*, 204 Ga. App. 539 (420 SE2d 341) (1992).

4. In a related error, the plaintiffs contend that the trial court erred in concluding that each owner whose property fronts on Air Park Road owns that portion of the road up to the centerline. They argue that the trial court's decision effectively gives ownership of Air Park Road to individuals who do not live in the subdivision and are

---

[5] The appellees do not respond to this alleged error in their brief.

not parties to this action. As reflected in both the 1981 and 1983 Plats, Air Park Road enters the subdivision from Airport Road and is bordered in part by property that is not part of Air Park at all. The plaintiffs contend that the court's decision amounts to a taking of their property without due process of law.[6] The basis for the court's decision is not clear from the evidence in the record. Because we cannot conclude that undisputed evidence demonstrates that Air Park Road is owned by all property owners whose lots front on the road, we reverse the decision of the trial court on this issue as well. See *Mackinnon v. Hodge*, supra.

5. Finally, the plaintiffs argue that the trial court erred in denying their "Motion for Contempt Against Defendants and Ruling Regarding Defendant's Spoliation of Evidence." "The question whether a contempt has been committed is for the trial court, and that court's adjudication will not be interfered with unless there has been an abuse of discretion." (Citation and punctuation omitted.) *Rutledge v. State*, 151 Ga. App. 615 (260 SE2d 743) (1979), citing *Berman v. Berman*, 232 Ga. 342, 343 (206 SE2d 447) (1974).

The record shows that in August 1996, the trial court ordered that a survey of Air Park Court be made. Richard Webb, the surveyor, testified that he performed the survey on September 11, 1996. Because McLaughlin did not want pins or stakes that could injure his horses to be used, Webb painted the property lines on the ground. Worried that the paint might fade, plaintiffs William Durham and Lisa McCrimmon began photographing the markings. According to Webb, Mathis and his daughter, who is McLaughlin's wife, approached Durham and McCrimmon and attempted to prevent them from entering their property and from photographing the painted lines. Webb deposed that Mathis shoved and slapped Durham. Next, Durham punched Mathis, who fell to the ground. Mrs. McLaughlin attacked McCrimmon, slapping and kneeing her. All of the individuals involved in the altercation fled, and the police were called. Significantly, Webb testified that he had finished surveying the property before Durham and McCrimmon began photographing the markings. He further testified that the defendants did not interfere with his performance of the survey. Criminal charges were filed as a result of the incident.

Based on Webb's testimony that the defendants did not prevent him from performing the court-ordered survey, we find that the court did not abuse its discretion in denying the plaintiffs' motion for contempt. Furthermore, the record does not demonstrate that the

---

[6] Again, the appellees do not address this issue in their brief.

defendants destroyed evidence. Accordingly, the trial court did not err on this ground.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 25, 2002 —
RECONSIDERATION DENIED DECEMBER 6, 2002 

*McCrimmon & McCrimmon, Lisa L. McCrimmon, Edward W. McCrimmon, James E. Albertelli,* for appellants.

*George E. Butler II, Stephen E. Boswell,* for appellees.