A07A0711. DURHAM et al. v. McLAUGHLIN et al.
(648 SE2d 495)

JOHNSON, Presiding Judge.

This appeal is from a final judgment in which the trial court ruled that the parties had reached a settlement agreement in the case. Given the unnecessarily protracted and contentious history of this case, we understand the trial court's desire to resolve the matter once and for all.[1] The record, however, does not support the trial court's conclusion that the parties reached an enforceable settlement of the lawsuit.

> Under Georgia law, an agreement alleged to be in settlement and compromise of a pending lawsuit must meet the same requisites of formation and enforceability as any other contract. In this regard, it is well settled that an agreement between two parties will occur only when the minds of the parties meet at the same time, upon the same subject matter, and in the same sense.[2]

In the instant case, there was no such meeting of the minds. At a pretrial conference held on March 20, 2006, the attorneys for the parties discussed a possible settlement whereby the plaintiffs would dismiss a trespass claim in exchange for the defendants giving them ownership of a portion of a road. But the attorneys never agreed upon the specific terms of such a settlement.

More than three months later, on June 30, 2006, plaintiffs' counsel sent the trial court and defense counsel a proposed consent order purporting to represent the parties' settlement of the case. In response, counsel for the defendants sent the trial court three messages in which he states that the plaintiffs' proposed settlement order

---

[1] There have already been appeals in this case to both the Supreme Court, *Mathis v. Durham*, 269 Ga. 753 (505 SE2d 724) (1998), and this court, *Durham v. Mathis*, 258 Ga. App. 749 (575 SE2d 6) (2002).

[2] (Citation omitted.) *Jones v. Frickey*, 274 Ga. App. 398, 401 (618 SE2d 29) (2005).

is completely inappropriate, accuses plaintiffs' counsel of "playing games," and makes various changes to the terms of the plaintiffs' proposed settlement agreement. On August 14, 2006, the trial court entered its final judgment, finding that the parties had consented in open court to a settlement of the case.

"Acceptance of an offer must be unconditional, unequivocal, and without variance of any sort; otherwise, there can be no meeting of the minds and mutual assent necessary to contract formation."[3] Because the parties did not clearly agree on the specific terms of a settlement agreement at the pretrial conference, and since the defense later rejected and varied the terms of the plaintiffs' proposed settlement order, there was no meeting of the minds necessary for the formation of the alleged settlement agreement.[4] The trial court's holding to the contrary is erroneous and must be reversed.

*Judgment reversed. Phipps and Mikell, JJ., concur.*

DECIDED JUNE 26, 2007.

*McCrimmon & McCrimmon, Lisa L. McCrimmon, Edward W. McCrimmon*, for appellants.
*George E. Butler II*, for appellees.

---

[3] (Citation and punctuation omitted.) *Butler v. Household Mtg. Svcs.*, 266 Ga. App. 104, 106 (1) (596 SE2d 664) (2004).

[4] See *Griffin v. Wallace,* 260 Ga. App. 857, 860 (581 SE2d 375) (2003).