FOURTH DIVISION
DILLARD, P. J.,
BROWN and PADGETT, JJ.

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

May 23, 2024

# In the Court of Appeals of Georgia

A24A0143. CITY OF COLLEGE PARK et al. v. STEELE.

BROWN, Judge.

In this appeal arising from a granted application for interlocutory review, the City of College Park ("the City") appeals from the trial court's order denying its motion to dismiss for lack of subject matter jurisdiction due to an insufficient ante litem notice. For the reasons explained below, we reverse.

"We review the denial of a motion to dismiss de novo and, in so doing, construe the pleadings in a light most favorable to the plaintiff, with any doubts resolved in the plaintiff's favor." *City of Lafayette v. Chandler*, 354 Ga. App. 259, 260 (840 SE2d 638) (2020). Here, the pleadings show that in August 2021, a City garbage truck operated by a City employee backed into a vehicle occupied by Miriam Steele, injuring her.

Four months after the accident, Steele served an ante litem notice on the City, notifying it of her intent to sue. The ante litem notice provided, in relevant part:

> Amount of Loss Claimed: Miriam Steele has claims for her medical expenses of approximately $100,000.00 and a claim for her pain and suffering, mental and emotional suffering[,] and any other non-economic damages recoverable under all applicable laws in the amount of $20,000.00.

The City filed a motion to dismiss Steele's complaint, arguing that the ante litem notice was deficient because it failed to include the specific amount of monetary damages being sought. The trial court denied the motion, concluding that the ante litem notice stated Steele's "willingness to accept $120,000 as compensation for her claims." In its view, Steele's ante litem notice satisfied OCGA § 36-33-5 (e), which provides: "The description of the extent of the injury required in subsection (b) of this Code section shall include the specific amount of monetary damages being sought from the municipal corporation. The amount of monetary damages set forth in such claim shall constitute an offer of compromise. . . ."

2

The City asserts that the trial court erred in denying its motion to dismiss because Steele's ante litem notice does not state "the specific amount of monetary damages being sought" from the City. We agree.

A person seeking damages against a municipal corporation must give ante litem notice, including the "time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury." OCGA § 36-33-5 (b). "Satisfaction of this notice requirement is a condition precedent to bringing suit against a municipal corporation. . . ." (Citation and punctuation omitted.) *Atlanta Taxicab Co. Owners Assoc. v. City of Atlanta*, 281 Ga. 342, 350 (5) (638 SE2d 307) (2006). "[T]he ante litem notice provision of OCGA § 36-33-5 is in derogation of common law, which did not require pre-suit notice[.] [I]t must [therefore] be strictly construed and not extended beyond its plain and explicit terms." *West v. City of Albany*, 300 Ga. 743, 745 (797 SE2d 809) (2017).

In 2014, OCGA § 36-33-5 was amended to add subsection (e), see Ga. L. 2014, p. 125, § 1, requiring the claimant to "include the specific amount of monetary damages being sought" for the first time. Before the enactment of subsection (e), the Georgia Supreme Court applied a "substantial compliance" standard to subsection

3

(b) because "[t]he act recognizes, by the use of the words 'as nearly as practicable,' that absolute exactness need not be had." (Citation and punctuation omitted.) *Atlanta Taxicab*, 281 Ga. at 352 (5). See also *Owens v. City of Greenville*, 290 Ga. 557, 561-562 (4) (722 SE2d 755) (2012) (considering whether ante litem notice substantially complied with OCGA § 36-33-5 (b)). Neither this Court nor our Supreme Court has expressly addressed whether the former substantial compliance standard should be applied to subsection (e). See, e.g., *City of Alpharetta v. Francis*, 366 Ga. App. 454, 456 (1), n.2 (883 SE2d 400) (2023). We have, however, addressed whether substantial compliance will satisfy the requirements of subsection (f), which the General Assembly also added to OCGA § 36-33-5 in 2014. See *City of Albany v. GA HY Imports*, 348 Ga. App. 885, 889-891 (1) (825 SE2d 385) (2019).

In *City of Albany*, we addressed the 2014 requirement that a claim submitted under OCGA § 36-33-5 "shall be served upon the mayor or the chairperson of the city council or city commission, as the case may be, by delivering the claim to such official personally or by certified mail or statutory overnight delivery." OCGA § 36-33-5 (f). We concluded that

> [i]f substantial compliance with subsection (f) was all that is required
> (i.e., service of notice on other individuals or entities associated with the

municipal corporation other than those specified in subsection (f) would be sufficient), then there was no purpose in enacting subsection (f), at least not with the use of the directive "shall," which is a mandatory command. In other words, to hold, as [the appellee] urges, that service of the ante litem notice on individuals or entities not specified in subsection (f) meets the requirements of the statute (although consistent with our "substantial compliance" jurisprudence interpreting the prior version of the statute), would render subsection (f) meaningless and mere surplusage. We "cannot by construction add to, take from, or vary the meaning of unambiguous words in a statute." Accordingly, we hold that strict compliance with OCGA § 36-33-5 (f) is required.

(Citations and punctuation omitted.) *City of Albany*, 348 Ga. App. at 891 (1).

Like subsection (f), subsection (e) also includes use of the directive "shall" with regard to the requirement that the description of the extent of the injury required in subsection (b) "include the specific amount of monetary damages being sought from the municipal corporation." OCGA § 36-33-5 (e). It appears, therefore, from this reasoning that substantial compliance with subsection (e) will not suffice, just as it was not adequate for subsection (f) in *City of Albany*.

Nonetheless, even if substantial compliance were all that is required, "a notice does not substantially comply with subsection (e) unless a specific amount is given that would constitute an offer that could be accepted by the municipality." *Harrell v.*

5

*City of Griffin*, 346 Ga. App. 635, 638 (1) (816 SE2d 738) (2018). For example, in *Davis v. City of Valdosta*, 357 Ga. App. 900 (852 SE2d 859) (2020), this Court found that an ante litem notice similar to the one at issue here failed to comply with OCGA § 36-33-5 (e)'s specificity requirement. The notice in *Davis* "claim[ed] damages" for medical bills "in [the] amount of $30,000.00" and general damages "in an amount not less than $20,000.00." Id. at 900. We explained that the notice merely indicated that the value of the claim was some unknown number above $50,000 without indicating the amount being sought, and concluded that "[a]n unknown number above $50,000 is too indefinite to constitute a binding offer of settlement." (Citation and punctuation omitted). Id. at 901-902.

Here, Steele's notice stated that she has medical claims "of *approximately* $100,000.00" and non-economic damages "in the amount of $20,000.000." (Emphasis supplied.) By definition, an approximate amount does not set forth "the specific amount"[1] and also fails to provide "[t]he amount of monetary damages set forth in such claim [that] shall constitute an offer of compromise." OCGA § 36-33-5 (e). See also *Tanks v. Nesmith*, 359 Ga. App. 596, 600 (859 SE2d 559) (2021) (rejecting

---

[1] Indeed, as the trial court noted in its order, Merriam-Webster Dictionary defines "'approximate'" as "nearly correct or exact: close in value or amount but not precise."

Tanks' contention that "Amount of Loss Claim: $75,000.00, [and] Grady Memorial Hospital bill in excess of $10,000" was an offer to settle her claim for $75,000 because the notice added an unspecified amount in excess of $10,000 and made no statement with regard to the total amount sought); *Davis*, 357 Ga. App. at 901. Cf. *Durham v. McLaughlin*, 286 Ga. App. 166 (648 SE2d 495) (2007) ("Under Georgia law, an agreement alleged to be in settlement and compromise of a pending lawsuit must meet the same requisites of formation and enforceability as any other contract.") (citation and punctuation omitted); *Edwards v. Central Ga. HHS*, 253 Ga. App. 304, 306 (2) (558 SE2d 815) (2002) (offer letter could not be enforced that did not "specify the exact amount or a set formula for determining the exact amount of the bonus"). Compare *Chandler*, 354 Ga. App. at 259, 261-262 (notice providing that the plaintiff "incurred well over $100,000.00 in medical expenses to date" but noting that the plaintiff will "seek to recover $1,000,000.00" provided a specific amount of monetary damages sought). Accordingly, Steele's ante litem notice failed to comply with OCGA § 36-33-5 (e), and the trial court erred in denying the City's motion to dismiss.

*Judgment reversed. Dillard, P. J., and Padgett, J., concur.*