**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 9, 2025**

# In the Court of Appeals of Georgia

A25A0214. VANDOLAH et al. v. WEBB et al.

RICKMAN, Presiding Judge.

Darryl Scott Webb and Katrinka Lynette Webb filed a declaratory judgment action against Kathryn VanDolah and John VanDolah to determine whether the Webbs have an easement over property owned by the VanDolahs. Following a bench trial, the trial court ruled in favor of the Webbs. In several enumerations of error, the VanDolahs argue that the trial court erred in concluding that the Webbs have an express easement over the VanDolahs' property as to a disputed road.

> On an appeal from an entry of judgment following a bench trial, we apply a de novo standard of review to any questions of law decided by the trial court, but will defer to any factual findings made by that court if there is any evidence to sustain them. Nevertheless, if the trial court makes a finding of fact which is unsupported by the record, that finding cannot

be upheld, and any judgment based upon such a finding must be reversed.

(Citation and punctuation omitted.) *Emson Investment Properties v. JHJ Jodeco 65*, 349 Ga. App. 644, 644-645 (824 SE2d 113) (2019).

The record shows that the Webbs own real property in Gilmer County, Georgia, described as Lots 5, 6, and 7 in the Hidden Valley Estates subdivision. The plat of survey for the Hidden Valley Estates subdivision, which is dated February 26, 2003, was recorded on July 3, 2003.

The VanDolahs also own real property in Gilmer County, Georgia, in an adjacent subdivision. The VanDolahs' property is described as Lot 16 of the Big Creek Highlands subdivision. The plat of survey for the Big Creek Highlands subdivision, which is dated March 11, 2003, was recorded on March 24, 2003.

The Hidden Valley Estates plat identifies Tom Colwell and Darren Rowan as the owners and developers. Colwell and Rowan acquired the property that now belongs to the Webbs in January 2001 and conveyed it to Hidden Valley Estates, LLC, in September 2003. The deed conveying the property from Colwell and Rowan to Hidden Valley Estates, LLC, refers to and incorporates a plat recorded in "Plat Book

30 page 20" of the Gilmer County records. On the Big Creek Highlands plat, Colwell and Rowan are shown as the "owner/developer 24 hour contact" and are identified as the developer on the "developers certificate," but Colwell and Rowan, individually, do not appear in the chain of title for the VanDolahs' property. When the Big Creek Highlands plat was prepared and recorded in March 2003, Big Creek Properties, Inc., owned the property that now belongs to the VanDolahs.

On October 29, 2004, Hidden Valley Estates, LLC, conveyed the Webbs' property to William Lee Holt, Jr. The warranty deed from Hidden Valley Estates, LLC, to Holt refers to and incorporates the Hidden Valley Estates plat. The Hidden Valley Estates plat shows parallel lines running southwest from the Big Creek Highlands subdivision into Lot 4 of the Hidden Valley Estates subdivision, turning west into the Webbs' property, curving back into the Big Creek Highlands subdivision, then southwest again into the Webbs' property. All subsequent deeds in the Webbs' chain of title refer to and incorporate the Hidden Valley Estates plat.

Also on October 29, 2004, Big Creek Properties, Inc., conveyed the VanDolahs' property to Holt. The warranty deed from Big Creek Properties, Inc., to Holt refers to and incorporates the Big Creek Highlands plat. The Big Creek

Highlands plat shows parallel lines running across the VanDolahs' property and into the adjacent property, which is identified as "Colwell and Rowan P.B. 30/PG. 20." All subsequent deeds in the VanDolahs' chain of title refer to and incorporate the Big Creek Highlands plat.

This case began in February 2022, when the Webbs filed a petition against the VanDolahs seeking, in relevant part, an order declaring that the Webbs have title to an express easement crossing the VanDolahs' property. The case proceeded to a bench trial, following which the trial court entered an order in favor of the Webbs on their declaratory judgment claim. This appeal followed.

1. The VanDolahs contend that the trial court erred by concluding as a matter of law that because the plats for both the Hidden Valley Estates subdivision and the Big Creek Highlands subdivision depict the disputed road, and those plats are referenced in the deeds conveying the parties' properties, the Webbs have an express easement over the property of the VanDolahs. Specifically, the VanDolahs argue in part that the trial court incorrectly stated that the properties have the same developers, and that because the developer of Hidden Valley Estates did not own the

VanDolahs' property, the Hidden Valley Estates developer did not have the authority to encumber the VanDolahs' property.

The trial court found that Colwell and Rowan were the original owners of both the VanDolahs' property and the Webbs' property; that they were the developers of both Big Creek Highlands and Hidden Valley Estates; that their business name for Big Creek Highlands was "Big Creek Properties, Inc."; and that they were the beneficial owners.

Relying on *WS CE Resort Owner v. Holland*, 315 Ga. 691 (884 SE2d 282) (2023), and *Rahn v. Pittman*, 216 Ga. 523 (118 SE2d 85) (1961), the trial court found that the fact that the subdivision plats for both developments, which depict the disputed road, were incorporated by reference into the parties' deeds, is sufficient to create an express easement to the Webbs as to the disputed road. In *Holland*, the Supreme Court of Georgia explained that "Georgia law has long recognized that when a developer conveys lots with reference to a subdivision plat, the grantees may receive easements in certain features — mostly streets and parks — that are designated on the plat." *Holland*, 315 Ga. at 695 (2) (a). In *Rahn*, our Supreme Court stated that "[w]hen a grantor sells lots of land, and in his deeds describes them as bounded by

streets, not expressly mentioned in the deeds, but shown upon a plat therein referred to as laid out in a subdivision of the grantor's land, he is estopped to deny the grantee's right to use the streets delineated in such plat[.]" (Citation and punctuation omitted.) *Rahn*, 216 Ga. at 524 (1).

The VanDolahs argue that *Holland* does not determine the outcome of this case, and that *Rahn* is inapplicable, because the developer of Hidden Valley Estates never owned an interest in the Big Creek Highlands subdivision. We agree. Hidden Valley Estates, LLC, never owned the VanDolahs' property. And Colwell and Rowan, individually, never owned the VanDolahs' property. Even assuming Colwell and Rowan were the sole shareholders of Big Creek Properties, Inc., "corporations are separate legal entities from their shareholders, officers, directors, and employees. This is so even in the situation in which a corporation is owned solely by one person." (Citation and punctuation omitted.) *Emson Investment Properties*, 349 Ga. App. at 648 (2). Consequently, the trial court erred in finding that Colwell and Rowan were the original owners of both the VanDolahs' and the Webbs' properties.

"It is a long-standing legal maxim that no one can transfer more right to another than he has himself[.]" *Yawn v. Norfolk Southern R. Co.*, 307 Ga. App. 849, 851 (1) n.

4 (706 SE2d 197) (2011). Because Hidden Valley Estates, LLC, did not own the VanDolahs' property, the warranty deed conveying the Webbs' property from Hidden Valley Estates, LLC, to Holt did not create an express easement as to the VanDolahs' property, even though the deed referred to and incorporated the Hidden Valley Estates plat. See *Macon-Bibb County Indus. Auth. v. Central of Ga. R. Co.*, 266 Ga. 281, 283 (3) (466 SE2d 855) (1996) (no express easement created as to rail lines shown in recorded plat, where rail lines lay on adjacent property not owned by the grantor).

Because the trial court's judgment was "based upon a stated fact for which there is no evidence, it should be reversed." (Citation and punctuation omitted.) *Lamas v. Baldwin*, 140 Ga. App. 37, 39 (1) (230 SE2d 13) (1976). We therefore reverse the judgment and "remand the case to the trial court with direction that it correct the findings to conform to the evidence and then make a judgment with the corrected findings taken into consideration." (Citation and punctuation omitted.) *Palm Restaurant of Ga. v. Prakas*, 186 Ga. App. 223, 227 (8) (366 SE2d 826) (1988).

2. In light of the foregoing, we need not address the VanDolahs' remaining enumerations of error.

*Judgment reversed and case remanded. Gobeil and Davis, JJ., concur.*

7